# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOROTHY MURRAY<br><br>  Plaintiff,<br><br>       v.<br><br>GLEN FORE,<br><br>  Defendant. | CIVIL ACTION NO. 3:13-CV-2746<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the Court is a Complaint filed by Plaintiff Dorothy Murray (Doc. 1). Because the Complaint fails to establish that the Court has subject matter jurisdiction over the action, it will be dismissed unless Plaintiff can show that diversity jurisdiction is proper.

## I. Background

Plaintiff filed this action on November 8, 2013. Plaintiff asserts that this Court's basis for jurisdiction is diversity of citizenship. Although Plaintiff does not specify, district courts possess diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). The Complaint alleges that Plaintiff Dorothy Murray "is an adult individual who currently resides at 902 Delaware Drive, Matamoras, PA 18336." (Doc. 1, ¶1.) Plaintiff alleges that Defendant Glen Fore "is an adult individual who, at all times relevant hereto, resided at 809 Route 31, Glen Spey, New York 12737." (Doc. 1, ¶2.)

## II. Analysis

Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete

diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where they are domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619 (1914).

To the extent that the Complaint alleges that Plaintiff is a resident of the Commonwealth of Pennsylvania, this is not sufficient. Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (internal citations omitted). To properly allege diversity, Plaintiff must allege her state of citizenship, not merely of

2

residence. As the Complaint does not contain this fact, the Court cannot determine whether subject matter jurisdiction exists. Similarly, to the extent the Complaint alleges that the Defendant is a resident of the State of New York, this is not sufficient. As the Plaintiff has failed to allege the Defendant's states of citizenship, the Court cannot determine whether subject matter jurisdiction exists.

### III. Conclusion

As Plaintiff has not shown that complete diversity of citizenship exists between the parties, the Court cannot determine that subject matter jurisdiction exists and the matter is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3). However, Plaintiff will be given an opportunity to amend and show that diversity of citizenship jurisdiction exists. Plaintiff will be given twenty-one (21) days in which to file a newly-amended complaint. Failure to do so will result in this action being dismissed. An appropriate order follows.

December 4, 2013  /s/ A. Richard Caputo
Date  A. Richard Caputo
United States District Judge